UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIBREEL MONTALVO,

      Plaintiff,

-v-

CITY OF HAMTRAMCK, a Michigan
Municipal Corporation, Hamtramck
Police Officer, DANIEL KRUSE (Badge # 60),
individually, and Hamtramck Police Officer
RYAN McINERNEY(Badge # 47), individually,

      Defendants,
      jointly and severally.

Case No.:
Honorable:

_____/

GEOFFREY N. FIEGER (P30441)
GARY N. FELTY, JR. (P55554)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.felty@fiegerlaw.com

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JIBREEL MONTALVO, through his attorneys, Fieger, Fieger, Kenney & Harrington, P.C., states the following for his Complaint against the above named Defendants:

### JURISDICTION AND VENUE

1. This is a civil action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. This court has original jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1343.

1

3. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs and attorney fees.

4. The unlawful actions alleged in this Complaint took place within the jurisdiction of the United States District Court for the Eastern District of Michigan (Southern Division). Venue is proper under 28 U.S.C. §1391(b).

## PARTIES

5. The Plaintiff, JIBREEL MONTALVO was at all times relevant to this action, a resident of the State of Michigan.

6. Defendant, CITY OF HAMTRAMCK, is a Michigan Municipal corporation that operates the Hamtramck Police Department.

7. Defendant, DANIEL KRUSE, is a resident of the State of Michigan and was, at all times relevant to this action, employed as a law enforcement officer by the City of Hamtramck Police Department.

8. Defendant, RYAN McINERNEY, was, at all material times, and upon information and belief still is a resident of the State of Michigan and was, at all times relevant to this action, employed as a law enforcement officer by the City of Hamtramck Police Department.

9. On July 22, 2014 at the time of the events alleged in this Complaint, Defendants KRUSE and McINERNEY were acting in their individual capacities within the course and scope of their employment as police officers employed by the City of Hamtramck Police Department, and under color of law.

## FACTUAL ALLEGATIONS

10. On or about July 22, 2014 at approximately 0400 hours, Defendant McINERNEY was employed as a police officer by the City of Hamtramck and was operating a municipally owned patrol vehicle.

{00239280.DOCX} 2

11. Defendant KRUSE was also employed by the City of Hamtramck on July 22, 2014 and was a passenger of the patrol vehicle being driven by his partner, Defendant McINERENY.

12. Defendants McINERNEY and KRUSE began following a red 2004 Honda Accord that was being driven by Plaintiff, JIBREEL MONTALVO.

13. A brief pursuit of the Accord occurred.

14. Plaintiff JIBREEL MONTALVO brought the Accord to a stop and put the vehicle in park and placed both of his hands out the drivers' side window of the automobile.

15. Defendant McINERNEY drove the patrol vehicle that he was operating into the red 2004 Honda Accord that Mr. Montalvo was occupying.

16. Defendant McINERNEY then abruptly exited the patrol vehicle without placing it in park sending the patrol vehicle off the road and into a fence with Defendant KRUSE inside.

17. Defendant McINERNEY drew his service weapon (handgun), fired it at Plaintiff, who remained seated in the Accord with his hands submissively extended out of the drivers' side window.

18. Defendant McINERNEY then struck Plaintiff JIBREEL MONTALVO in the face with his weapon, pistol-whipping him, before pulling him from the vehicle and placing plaintiff under arrest.

19. None of the Defendant Officers observed Plaintiff commit any violent felony or crime at any time prior to or during the confrontation or brutal, unjustified physical attack on Plaintiff.

20. Plaintiff did not have a weapon or display any object that appeared to be a weapon at any time prior to or during the confrontation or brutal, unjustified physical attack on Plaintiff.

21.     Plaintiff did not threaten in any way any of the Defendant Officers at any time prior to or during the confrontation or brutal, unjustified physical attack on Plaintiff.

22.     Plaintiff did not pose an immediate threat of harm to any of the Defendant Officers or any other person in the immediate vicinity at any time prior to or during the confrontation or brutal, unjustified physical attack on Plaintiff.

23.     Plaintiff did not pose any realistic likelihood of risk of flight at any time prior to or during the confrontation or brutal, unjustified physical attack on Plaintiff.

24.     The Defendant Officers did not have a justifiable reason to use the force that they deployed at any time prior to or during the confrontation or brutal physical attack on Plaintiff.

25.     As a direct and proximate result of the wrongful acts and omissions of the Defendant Officers, Plaintiff sustained severe and permanent injuries.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 BY DEFENDANTS KRUSE AND McINERNEY

26.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

27.     The above-described savage physical attack on Plaintiff was without legal justification.

28.     At all times relevant, Plaintiff had a clearly established right to liberty protected in the substantive components of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

{00239280.DOCX}                                                4

29. At all times relevant. as police officers acting under color of law, Defendants Kruse and McInerney were required to obey the laws of the United States, including those laws identified under the Fourth and Fourteenth Amendments to the United States Constitution.

30. In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, Defendant McInerney employed unnecessary, unreasonable, and excessive force against Plaintiff, thereby inflicting horrendous personal injuries upon him.

31. In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, Defendant Kruse failed to act to prevent the use of unnecessary. unreasonable, and excessive force against Plaintiff.

32. After the subject events, Defendants Kruse and McInerney conspired with one another to fabricate and disseminate false accounts regarding the subject matter of this lawsuit, failed to report or document the incident accurately, and failed to accurately report the force that was used on Plaintiff during the incident, all in furtherance of a conspiracy to violate Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

33. Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants Kruse and McInerney are liable to Plaintiff for all damages allowed under federal law and the Michigan damages statutes. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

34. The conduct of Defendants was and remains extreme and outrageous subjecting Defendants to punitive damages.

35. As a direct and proximate result of Defendants Kruse and McInerney's willful violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

    a. Physical pain and suffering;

    b. Injuries to the head, jaw, teeth, nerves and gums requiring surgery;

    c. Osteomyelitis;

    d. Permanent scarring and / or disfigurement;

    e. Mental anguish;

    f. Severe emotional distress;

    g. Fright and shock;

    h. Denial of social pleasures and enjoyment;

    i. Humiliation or mortification;

    j. Reasonable medical bills and expenses for the past, present and future;

    k. Future medical treatment;

    l. Punitive damages;

    m. Exemplary damages;

    n. Attorney fees; and,

    o. All other damages properly recoverable under law.

WHEREFORE, Plaintiff, **JIBREEL MONTALVO**, respectfully requests that this Honorable Court enter a judgment in his favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, as well as an award of punitive damages.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983
## BY DEFENDANT CITY OF HAMTRAMCK

36.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37.     At all times relevant to this Complaint, Defendants Kruse and McInerney, as police officers of the Hamtramck Police Department, were acting under the direction and control of Defendant City of Hamtramck.

38.     Acting under color of law and pursuant to official policy or custom, Defendant City of Hamtramck knowingly, recklessly or with deliberate indifference and callous disregard of Plaintiff's rights, hired officers, including Defendants Kruse and McInerney, who they knew presented a substantial risk of serious harm to Plaintiff by virtue of their prior acts of excessive force that were known to Defendant City of Hamtramck at the time that they were hired.

39.     Acting under color of law and pursuant to official policy or custom, Defendant City of Hamtramck knowingly, recklessly or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis Defendants Kruse and McInerney in their duties to refrain from unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable and excessive force before, during and after making an arrest and conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution of the United States and the laws of the State of Michigan and otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

40.     Defendant City of Hamtramck had knowledge or had it diligently exercised its duties to hire / refrain from hiring, instruct, supervise, control, and discipline on a continuing

{00239280.DOCX}                                      7

basis, should have had knowledge that the wrongs conspired to be done, as previously alleged, were about to be committed.

41. Defendant City of Hamtramck had the power to prevent or aid in preventing the injuries done to Plaintiff and could have done so by an exercise of reasonable diligence; however, Defendant City of Hamtramck knowingly, recklessly, or with deliberate indifference and callous disregard to Plaintiff's rights failed or refused to do so.

42. Defendant City of Hamtramck, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendant's Kruse and McInerney.

43. As a direct and proximate result of Defendant City of Hamtramck's willful violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

      a. Physical pain and suffering;

      b. Injuries to the head, jaw, teeth, nerves and gums requiring surgery;

      c. Osteomyelitis;

      d. Permanent scarring and / or disfigurement;

      e. Mental anguish;

      f. Severe emotional distress;

      g. Fright and shock;

      h. Denial of social pleasures and enjoyment;

      i. Humiliation or mortification;

      j. Reasonable medical bills and expenses for the past, present and future;

      k. Future medical treatment;

      l. Punitive damages;

m. Exemplary damages;

n. Attorney fees; and,

o. All other damages properly recoverable under law.

WHEREFORE, Plaintiff, **JIBREEL MONTALVO**, respectfully requests that this Honorable Court enter a judgment in his favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, as well as an award of punitive damages.

Respectfully submitted,

/s Gary N. Felty, Jr.
GEOFFREY N. FIEGER (P30441)
GARY N. FELTY, JR. (P55554
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.felty@fiegerlaw.com

Dated: December 30, 2016

{00239280.DOCX}

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIBREEL MONTALVO,

      Plaintiff,

-v-

                                  Case No.:
                                  Hon.

CITY OF HAMTRAMCK, a Michigan
Municipal Corporation, Hamtramck
Police Officer, DANIEL KRUSE (Badge # 60),
individually, and Hamtramck Police Officer
RYAN McINERNEY(Badge # 47), individually,

      Defendants,
      jointly and severally.

_____ _____/

GEOFFREY N. FIEGER (P30441)
GARY N. FELTY, JR. (P55554)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.felty@fiegerlaw.com

_____ _____/

**JURY DEMAND**

      Plaintiff, JIBREEL MONTALVO, by and through his attorneys, Fieger, Fieger, Kenney,

& Harrington, P.C., hereby demands Trial by Jury in this matter.


                  Respectfully submitted,


                  */s/ Gary N. Felty, Jr.*_____
                  GEOFFREY N. FIEGER (P30441)
                  GARY N. FELTY, JR. (P55554)
                  *Fieger, Fieger, Kenney & Harrington, P.C.*
                  Attorneys for Plaintiff
                  19390 W. Ten Mile Rd.
                  Southfield, MI 48075
                  (248) 355-5555
Dated:  December 30, 2016    g.felty@fiegerlaw.com

{00239280.DOCX}                10